### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL WAYNE RAINS, | ) |
| | ) |
| Petitioner, | ) |
| v. | )  Case No. CIV-08-839-F |
| | ) |
| GREG HARMON, WARDEN and THE | ) |
| ATTORNEY GENERAL OF THE STATE | ) |
| OF OKLAHOMA, | ) |
| | ) |
| Respondents.[1] | ) |

### REPORT AND RECOMMENDATION

Petitioner, appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254 seeking

a writ of habeas corpus.  In accordance with Rule 4 of the Rules Governing Section 2254

Cases, the Petition has been promptly examined.  For the reasons set forth below, the Court

is without jurisdiction over this matter.  Therefore, it is recommended that the Petition be

dismissed.

## I.    Background

In this action, Petitioner challenges three judgments and convictions from the District

Court of Canadian County, State of Oklahoma, Case Nos. CF- 2000-116, CF-2001-33 and

CF-2001-56, all entered, pursuant to guilty pleas, on July 10, 2001.  *See* Petition [Doc. #1]

---

[1]Petitioner is currently in custody in the State of Arkansas, and, therefore, it appears he has not yet begun serving the sentences on the Oklahoma convictions challenged in this action. Petitioner has named as the sole respondent in this action the State of Oklahoma.  Pursuant to Rule 2(b) of the Rules Governing Section 2254 Cases, where the petitioner is not yet in custody but may be subject to future custody under the challenged state court conviction, "both the officer who has current custody and the attorney general of the state where judgment was entered" must be named as respondents.  Therefore, the Court substitutes as the proper respondents Greg Harmon, Warden, East Arkansas Regional Unit-Brickeys (Petitioner's current custodian) and the Attorney General of the State of Oklahoma (where the challenged judgments were entered).

Attachments 1-3.  Petitioner received a ten-year sentence in Case No. CF-2000-116 and twenty-year sentences in the other two cases.  All sentences are to run concurrently.  *Id.*

Petitioner challenges the convictions and sentences entered in these cases on the following grounds: (1) the sentences are excessive or unduly harsh; (2) his guilty pleas were not made knowingly and voluntarily; and (3) his trial counsel rendered ineffective assistance by failing to fully inform him as to the nature and consequences of the pleas.

## II.     Prior Federal Habeas Action

Petitioner has previously challenged the convictions entered in Case Nos. CF- 2000-116, CF-2001-33 and CF-2001-56, seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254.  On September 21, 2007, Petitioner filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma, Case No. CIV-07-1060-F.  In that habeas action, Petitioner raised the identical claims raised in the present action.  He also raised an additional claim alleging his sentences in Case Nos. CF-2001-33 and CF-2001-56 were illegal.  The claims were deemed barred from federal habeas review pursuant to the applicable statute of limitations, 28 U.S.C. § 2244(d)(1)(A) and (D). *See* Docket, Case No. CIV-07-1060-F, Report and Recommendation (October 30, 2007) [Doc. #8], Order Adopting (November 9, 2007) [Doc. #10] and Judgment (November 9, 2007) [Doc. #11].

**III.    Analysis**

Because Petitioner has previously sought federal habeas corpus relief pursuant to § 2254 attacking the Canadian County convictions, any current challenge to those convictions is second or successive.  Pursuant to 28 U.S.C. § 2244(b), a petitioner may proceed with a second or successive habeas corpus action under section 2254 in limited circumstances, and "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  The statutory requirement for prior authorization is jurisdictional.  *See Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998) (because the petitioner did not obtain prior authorization to file a successive habeas petition, "the district court lacked jurisdiction to decide his unauthorized second petition"), *overruled on other grounds by Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006); 28 U.S.C. § 2244(b)(3)(A).

Until recently, district courts routinely transferred unauthorized second or successive § 2254 petitions to the Tenth Circuit Court of Appeals for the requisite authorization pursuant to 28 U.S.C. § 1631, often operating under the assumption that such a transfer was required by Circuit precedent interpreting § 2244(b).  *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (stating that "when a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this

court in the interest of justice  pursuant to § 1631").[2]  However, the Tenth Circuit has now

instructed that *Coleman* "should not be read to limit the traditional discretion given to district

courts under § 1631." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).  Instead, the district

court may transfer the action to the Tenth Circuit for prior authorization if it is in the interest

of justice to do so under § 1631, or the court may dismiss the petition for lack of jurisdiction.

*Id*.

Here, it would not be in the interests of justice to transfer this action to the Tenth

Circuit Court of Appeals.  As set forth above, Petitioner has already brought a federal habeas

action pursuant to § 2254 raising the identical claims he raises in the instant Petition and the

claims have been rejected as time-barred.  Moreover, the Petition contains no allegations

demonstrating that Petitioner could satisfy the requirements for filing a successive petition,

that is: (1) that his claim relies on a new rule of constitutional law made retroactively

applicable to cases pending on collateral review; or (2) that the factual predicate of his claim

could not have been discovered previously through the exercise of due diligence and that

---

[2]Section 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an
> appeal, including a petition for review of administrative action, is noticed for or filed
> with such a court and that court finds that there is a want of jurisdiction, the court
> shall, if it is in the interest of justice, transfer such action or appeal to any other such
> court in which the action or appeal could have been brought at the time it was filed
> or noticed, and the action or appeal shall proceed as if it had been filed in or noticed
> for the court to which it is transferred on the date upon which it was actually filed in
> or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

clear and convincing evidence exists such that no reasonable factfinder would have found Petitioner guilty of the underlying offense.  *See* 28 U.S.C. § 2244(b)(2).  Under these circumstances, the Court finds it is not in the interests of justice to transfer this action to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.  Accordingly, it is recommended that the Petition be dismissed for lack of jurisdiction.

## RECOMMENDATION

It is recommended that the Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 be dismissed for lack of jurisdiction.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. §636.  Any objections should be filed with the Clerk of this Court by October __8th__, 2008.  Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Warden Harmon and the Attorney General of Oklahoma.

ENTERED this __18th__ day of September, 2008.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE